NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY B. SITTERLE,<br><br>Petitioner,<br><br>v.<br><br>STATE OF FLORIDA,<br><br>Respondent. | Civil Action No. 14-4717 (FLW)<br><br>OPINION |

**APPEARANCES**:

>    NANCY B. SITTERLE
>    c/o Comfort Inn
>    3720 Brunswick Pike, Rt. 1 North
>    Lawrence Township, NJ   08648
>    Petitioner *Pro se*

**WOLFSON, District Judge**:

Nancy B. Sitterle filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, accompanied by three exhibits, challenging her detention from April 3, 2014, through June 27, 2014, at the Sarasota Sheriff's Office, Corrections Division, in Florida.  Having thoroughly reviewed Petitioner's submissions, the Court summarily dismisses the Petition, *see* 28 U.S.C. § 2254 Rule 4, and declines to issue a certificate of appealability, *see* 28 U.S.C. §  2253(c).

## I.   BACKGROUND

The Petition and attachments indicate that Ms. Sitterle was detained at the Sarasota Sheriff's Office Corrections Division from April 3, 2014, through June 27, 2014, presumably on the charge of resisting arrest in the matter entitled *State of Florida v. Nancy B. Sitterle,* Case No. 2014MM006339SC, and that on June 27, 2014, Judge Maryann Boehm, Circuit Court for Sarasota

County, Florida, determined that she was incompetent to proceed and ordered her release. (Pet., attachment, ECF No. 1 at 31.) According to the docket, Ms. Sitterle's present address is the Comfort Inn in Lawrence Township, New Jersey. The Petition raises four grounds for relief:

> GROUND ONE:   Unconstitutional Search and Seizure.
>
> GROUND TWO:   False Arrest.
>
> GROUND THREE:   Unjust Detention.
>
> GROUND FOUR:   Unconstitutional Conditions.

(Pet., ECF No. 1 at 5-9.)

## II.   STANDARD OF REVIEW

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.3d 37, 45 (3d Cir. 1985). Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief."  *Siers*, 773 F.2d at 45; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief").

2

### III.   DISCUSSION

A.   Jurisdiction

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:   the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."   *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng*, 490 U.S. at 490-91); *see also Spencer v. Kemna*, 523 U.S. 1 (1998). The petitioner does not remain "in custody" after the sentence has fully expired and the petitioner has been released from custody.   *See Maleng*, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Drakes v. INS*, 330 F.3d 600 (3d Cir. 2003); *United States v. Thomas*, 42 F.3d at 824.

In this case, the face of the Petition and the application to proceed *in forma pauperis* establish that Ms. Sitterle was detained at the Sarasota County Sheriff's Office on April 3, 2014,

3

and that she was released from custody on June 27, 2014. Because Ms. Sitterle was not "in custody" at the time the Petition was filed, *i.e.,* July 29, 2014, this Court lacks jurisdiction under 28 U.S.C. § 2254. This Court will dismiss the Petition for lack of jurisdiction.[1]

B.   Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### III.   CONCLUSION

The Court dismisses the Petition and denies a certificate of appealability.

 s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J**.

Dated:   August 4, 2014

---

[1] Ms. Sitterle appears to claim that her arrest and a search violated the Fourth Amendment, and that the conditions of her confinement deprived her of a liberty interest protected by the Fourteenth Amendment. Such claims may be cognizable under 42 U.S.C. § 1983. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). However, this Court will not recharacterize the present § 2254 Petition as a complaint for damages and other relief under 42 U.S.C. § 1983 for several reasons. For example, Ms. Sitterle does not name as defendants the persons who were personally involved in the alleged violation of her Fourth and Fourteenth Amendment rights. Moreover, as the alleged events occurred in Sarasota, Florida, and the defendants presumably reside in Florida, the proper venue for a civil rights complaint under 42 U.S.C. § 1983 would be the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801, North Florida Avenue, Second Floor, Tampa, Florida 33602. *See* 28 U.S.C. § 1391(b)(1) and (b)(2).